## Harvey *versus* Beach.

*Recognisance of Bail on Appeal, when sufficient.*

Where the docket entries fairly show that bail for an appeal was entered, in a fixed sum, "according to Act of Assembly," the recognisance is sufficient, and, in a suit thereon, the plea of *nul tiel record* was properly overruled.

ERROR to the Common Pleas of *Tioga county*.

This was a *scire facias sur* recognisance of bail, by Isaac Beach against George Harvey, brought in the Common Pleas of Tioga county, January 9th 1857.

On the 17th of September 1846, Isaac Beach obtained a judgment against Jesse Locke for $91.52, before Hiram Tubbs, Esq., a justice of the peace in and for the county of Tioga, from which the defendant appealed to the Common Pleas.

On the 26th of September 1846, the defendant moved the court for a rule to show cause why the appeal should not be entered, to the entry of which motion the following minute was made on the record: "The court direct the proceedings before the justice to be stayed; same day court direct the appeal to be entered, it being by consent of plaintiff's attorney—bail to be taken in the sum of two hundred and fifty dollars. George Harvey for bail, he having justified. Whereupon the said George Harvey was recognised in the sum of two hundred and fifty dollars as bail in said suit, according to the Act of Assembly, &c. &c."

On the appeal the plaintiff pleaded payment with leave, &c. The case was referred to arbitrators, who awarded no cause of

[Harvey v. Beach.]

action. The plaintiff appealed, from the award and on the trial there was a verdict and judgment for plaintiff for $91.16.

The *scire facias* recited the recovery of the judgment before the justice and the appeal as above stated, by the defendant; and averred that, on the 26th of September 1846, George Harvey, of the county aforesaid, appeared in open court and entered into a recognisance before the judges of the Court of Common Pleas for $250, conditioned for all costs accrued or that may be legally recovered against the appellant: averring a recovery by Isaac Beach against Jesse Locke of his debt of $91.16, as well as $189.64 for his costs in said suit, which sums said Locke hath not paid: and concluding with the usual claim of summons, &c.

To the *sci. fa.* the defendant pleaded *nul tiel record.* While the suit was pending the plaintiff died, and his administrator, Clark W. Beach, was substituted.

On the trial, the counsel for defendant requested the court to charge the jury that under the pleadings and evidence the plaintiff was not entitled to recover, and that their verdict should be for the defendant.

The court below (WHITE, P. J.), on the plea of *nul tiel record*, gave judgment for the plaintiff, and charged the jury that the plaintiff was entitled to judgment for $189.61, being the amount of costs recovered in this case, for which, by the terms and legal effect of his recognisance, defendant was liable.

There was accordingly a verdict and judgment in favour of plaintiff, whereupon the defendant sued out this writ, assigning for error here the ruling of the court below as above stated.

*Lowrey & Wilson*, for plaintiff in error, argued that the alleged recognisance was defective in form and substance; that it does not appear to have been made to any person, body corporate, nor the Commonwealth. It does not show the purpose for which it was taken, and has no condition. They cited Caldwell v. Brindle, 1 Jones 293; Meeker v. Brackney, 11 Casey 276; Donaldson v. Cunningham, 13 S. & R. 245; Donley v. Brownlee, 7 Barr 109.

*J. Emery*, for defendant.—The record shows that this recognisance was bail for an appeal in the sum of $250, and that it was according to the Act of Assembly. The entry on the docket was a brief minute, in the usual form, that a recognisance was entered into, and shows all that was necessary to make up a full record from. It was *taken* in the usual form, but minuted in the usual form, as is the practice in the Common Pleas of Tioga. He cited Okeson v. Sherlock, 9 W. & S. 142; Ingham

*v.* Tracy, 5 Watts 333 ; Ross *v.* Dysart, 12 Harris 395 ; Murray *v.* Hazlett, 7 Harris 357.

The opinion of the court was delivered by

THOMPSON, J.—The recognisance sued on, it was claimed by the plaintiff below, was entered into for the purpose of taking an appeal from the judgment of a justice of the peace, wherein the plaintiff below was plaintiff, and one Jesse Locke was defendant. The record in that case shows the appeal to have been entered on a rule to show cause, by leave of court, and the bail entered in court.

Have we the substance of a good recognisance for an appeal ? The record, although made up in the most slovenly manner, shows the following : "Sept. 26th 1846. Rule to show cause why an *appeal* should not be entered in this case, and the court direct the proceedings before the justice to be stayed—same day court direct the appeal to be entered." Here we have the evidence that an *appeal* was intended. The next question is, by whom ? The record says, "It being by consent of *plaintiff's attorney*—bail to be taken in the sum of $250—George Harvey for bail, he having justified." The appeal was by consent of *plaintiff's attorney*. It is, therefore, fairly inferred that defendant appealed. Indeed, nothing else could be inferred. "George Harvey justified as bail"—that is, as bail for an appeal by the defendant from the judgment of the justice, whose proceedings were in consequence stayed. Then putting the entry of George Harvey being justified, the record says, "Whereupon, said George Harvey was recognised in the sum of $250, as bail in said suit, according to Act of Assembly," &c. &c.

This evidently shows an appeal by the defendant from the judgment of a justice of the peace, with Harvey as bail, "according to Act of Assembly." The purpose of the bail appears : a fixed sum is formed in the recognisance ; and the Act of Assembly fixes the condition of the recognisance by prescribing the duty of the bail. This is a sufficient recognisance according to many cases :. Murray *v.* Hazlett, 7 Mass. 356, and cases there cited.

The cases cited by the plaintiff in error of insufficiency in the recognisance, are very different in their forms from this. In Caldwell *v.* Brindle, 1 Jones 293,. the recognisance was for stay of execution, but as it had neither penalty nor condition in it, it was held to be defective. In Donley *v.* Brownlee, 7 Barr 109, there was a short entry that "the defendant should prosecute his appeal with effect," &c. But this was under the peculiar provisions of the non-imprisonment Act of 1842, which required the undertaking of the bail to be that the defendant should not remove, secrete, or assign any of his property. The undertaking

[Harvey v. Beach.]

of the bail in that case was to pay a sum of money on failure of the party to prosecute his appeal with effect; whereas the law only required the property to be forthcoming to discharge the bail. The condition being more.onerous than the law required, the recognisance was held bad. In Meeker v. Brackney, 11 Casey 276, it could not be discovered what the recognisance was for. No appeal appeared by the record to have been taken or in the intention of the party. There was no condition expressed or left open to be implied by reference to "Act of Assembly," &c., &c., or otherwise. We held it void. The absolute form of the recognisance in Donaldson v. Cunningham, 13 S. & R. 245, was its defect. That was an appeal from an award of arbitrators, and was for that reason not good.

After an examination of most of the cases on the subject, we are brought to the conclusion that this was in substance a good recognisance, and that the court were right in overruling the defendant's plea of *nul tiel record*, and in charging that the plaintiff was entitled to a verdict. The courts have always felt it their duty to give effect to recognisances entered into for an appeal, as it facilitates the right of trial by jury, and when that advantage has been had, to hold them binding, if there be substance in them from which a formal recognisance can be moulded, with the proper conditions.

Judgment affirmed.